UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 26 2022

CLERK U.S. DISTRICT COURT
By: _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:22-MJ-878 |
| DANIEL LOYOLA, JR. (01) | |

## CRIMINAL COMPLAINT

I, Special Agent P. Williams, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**Alleged Offense:**

On or about October 25, 2022, in the Fort Worth Division of the Northern District of Texas, defendant, **Daniel Loyola, Jr.,** did knowingly possess a machinegun, that is, a Saco Defense Inc., model M60 E3, 7.62mm machinegun; bearing serial number 233945, in violation of 18 U.S.C. § 922(o) and § 924(a)(2).

**Probable Cause:**

I, P. Williams, under oath, duly state that I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). The statements set forth in this affidavit are the product of my personal observations, training, and experience, as well as information obtained from other law enforcement officers and witnesses. Moreover, the facts presented are true and correct to the best of my knowledge and belief, but are not inclusive of all the evidence or information involved with this case.

1. On October 25, 2022, an ATF SA and a Texas Department of Public Safety (DPS) SA, both operating in an undercover (UC) capacity, met with **Daniel Loyola, Jr.** (YOB: 1999) in the parking lot of a Marshalls clothing store, located in the 1400 block of Eastchase Parkway, Fort Worth, Texas. The meeting was purposed with completing a previously negotiated transaction, in which the ATF UC was to sell **Daniel Loyola, Jr.** a Saco Defense Inc., model: M60 E3, 7.62mm machinegun, bearing serial number 233945.

2. Prior to the meeting, **Daniel Loyola, Jr.** was discovered to be an individual that employed social media websites, such as Instagram, to advertise for the purchase and sale of firearms. The firearms that were advertised were large calibers, to include .50 caliber firearms. **Daniel Loyola, Jr.** was also determined to use Instagram in furtherance of acquiring machineguns, to include a request to purchase an FN, model M249, 5.56x45mm machinegun.

3. As the investigation progressed, **Daniel Loyola, Jr.** communicated with the ATF UC and arranged and agreed to purchase the aforementioned M60 machinegun from the ATF UC, at the price of the $20,000 in cash. Further into the communication with the ATF UC, **Daniel Loyola, Jr.** communicated that the payment for the machinegun was coming from Mexico, which caused a delay in the transaction.

4. Furthermore, on the October date, **Daniel Loyola, Jr.** was seen arriving in the parking lot of the Marshalls clothing store in a Black Chevy Cruze. **Daniel Loyola, Jr.**, the driver and sole occupant of the vehicle, was then seen backing into a parking space on the passenger side of the undercover vehicle (UCV). It should be noted, just prior to arrival at the parking lot, **Daniel Loyola, Jr.** contacted the ATF UC, via cellular telephone, and advised his vehicle would be the Chevy, and he was directed to the meeting spot by the ATF UC.

5. After parking, **Daniel Loyola, Jr.** exited the Chevy Cruze and made contact with the ATF UC and DPS UC in the area of the passenger side of the UCV. It should be noted, both the ATF UC and DPS UC exited the UCV to engage with **Daniel Loyola, Jr.** During that time, the ATF UC confirmed that **Daniel Loyola, Jr.** had the payment for the machinegun, to which **Daniel Loyola, Jr.** affirmed. Then, **Daniel Loyola, Jr.** retrieved the payment for the machinegun from the Chevy Cruze. Thereafter, **Daniel Loyola, Jr.** provided the payment to the DPS UC, and **Daniel Loyola, Jr.** began inspecting the Saco Defense Inc., model M60 E3, 7.62mm machinegun, bearing serial number 233945, which was located on the back seat of the UCV. It should be noted, the M60 machinegun was in three pieces, specifically the frame/receiver and two barrels, all of which were located in a rectangular cardboard box. The ATF UC explained that the firearm was a full auto and possessed two barrels. During that time, the ATF UC recommended the rate of fire for the machinegun, which would prevent its barrels from melting, to which **Daniel Loyola, Jr.** "stated yeah, I know."

6. As the meeting progressed, the ATF UC explained that additional M60 transactions could occur with **Daniel Loyola, Jr.**, to which **Daniel Loyal, Jr.** explained that he needed "these, M249's, and .50 cals." Thereafter, the ATF UC questioned if **Daniel Loyola, Jr.** wanted the ATF UC to help carry the M60 to **Daniel Loyola, Jr.'s** vehicle, to which **Daniel Loyola, Jr.** stated "yeah." During that time, **Daniel Loyola, Jr.** began to close the cardboard box's collapsible flaps, in an effort to take the box that contained the M60. Then, **Daniel Loyola, Jr.** advised that he thought it was better if he popped the trunk of his vehicle and then they would put the box in the trunk. At that time, **Daniel Loyola, Jr.** was taken into custody by ATF without incident.

7. After the scene was declared secure, **Daniel Loyola, Jr.** participated in a post Miranda interview with ATF. During the interview, **Daniel Loyola, Jr.** made statements of evidentiary value. **Daniel Loyola, Jr.** affirmed that he had come to the location to purchase the machinegun. **Daniel Loyola, Jr.** explained that the machinegun was to be trafficked to the country of Mexico. Additionally, **Daniel Loyola, Jr.** admitted to purchasing and reselling pistols for himself as well.

8. That day, **Daniel Loyola, Jr.** was arrested by ATF for violation of 18 U.S.C. § 922(o).

9. That same day, the money that **Daniel Loyola, Jr.** provided to the undercover personnel was counted and was determined to be $20,300 in U.S. currency.

10. On October 25, 2022, Affiant requested a National Firearms Registration and Transfer Record search be completed on **Daniel Loyola, Jr.**, which determined that **Daniel Loyola, Jr.** was not of record as having a machinegun lawfully registered to him.

Based upon the foregoing facts and circumstances, I submit there is probable cause to believe that **Daniel Loyola, Jr**. knowingly possessed a machinegun, in violation 18 U.S.C. § 922(o) and § 924(a)(2).

_____
Special Agent P. Williams
Bureau of Alcohol, Tobacco, Firearms, and Explosives

SWORN AND SUBSCRIBED to before me, on October 26, 2022, at 10:49 am/pm, in Fort Worth, Texas.

_____
UNITED STATES MAGISTRATE JUDGE